Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| LESLIE V. SANTIAGO Y OTROS **Peticionaria** V. AUTOGERMANA, INC. Y OTROS **Recurrida** | KLCE202400339 | *CERTIORARI* procedente del Tribunal de Primera Instancia Caguas CIVIL NÚM: HU2022CV00073 SOBRE: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

**Hernández Sánchez, Juez Ponente**

## RESOLUCIÓN

En San Juan, Puerto Rico, a 7 de mayo de 2024.

El 21 de marzo de 2024, la Sra. Leslie V. Santiago Gómez (señora Santiago) y el Sr. Ildelfonso Rodríguez Rivera (señor Rodríguez o en conjunto, los peticionarios) comparecieron ante nos mediante una *Petición de Certiorari* y solicitaron la revocación de una *Orden* que se emitió y notificó el 31 de enero de 2024 por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI). Mediante el aludido dictamen, el TPI determinó que Autogermana, Inc. (Autogermana o recurrida) tenía derecho a una nueva inspección del vehículo en controversia. Además, resolvió que, de no poder producirse el vehículo, la *Demanda Enmendada* no procedía.

Por los fundamentos que expondremos a continuación, **denegamos** el recurso de epígrafe.

I.

El 25 de enero de 2022, los peticionarios presentaron una *Demanda* sobre daños y perjuicios por productos defectuosos en contra de Autogermana y su compañía aseguradora denominada como "Aseguradora A".[1] En esta, alegaron que por defectos de

---
[1] Véase, págs. 1-12 del apéndice del recurso.

fabricación en un vehículo de motor que adquirieron de Autogermana marca MINI la señora Santiago sufrió daños físicos y emocionales en un accidente automovilístico que tuvo. Específicamente, indicaron que la falta de activación de "airbags" y cinturón de seguridad en el accidente fue la causa próxima de los daños sufridos. Así pues, la señora Santiago reclamó $450,000.00 por concepto de daños físicos y emocionales y el señor Rodríguez reclamó $15,000.00 por concepto de angustias mentales. Además, solicitaron una partida adicional por concepto de honorarios de abogado.

Posteriormente, el 10 de marzo de 2023, los apelantes presentaron una *Solicitud para presentar Demanda Enmendada* al amparo de la Regla 13.1 de Procedimiento Civil, 32 LPRA Ap. V., R. 13.1.[2] En esta, solicitaron enmendar la *Demanda* a los únicos fines de añadir alegaciones de defecto por insuficiencia de las advertencias y/o instrucciones bajo la causal de productos defectuosos. Ello ya que del descubrimiento de prueba surgió que el algoritmo de sistema de airbags no necesariamente estaba defectuoso, sino que potencialmente pudo haber sido programado para no activar el airbag dependiendo da la estatura y distancia del asiento del conductor al guía. Junto a esta solicitud, incluyó la *Primera Demanda Enmendada*.[3] El 14 de abril de 2023, la recurrida presentó una *Moción en Oposición a Demanda Enmendada*.[4] Evaluados los escritos de ambas partes, el 5 de julio de 2023, el TPI emitió y notificó una *Resolución* permitiendo la *Primera Demanda Enmendada*. Ante ello, el 13 de julio de 2023, Autogermana presentó su *Contestación a la Primera Demanda Enmendada*.[5]

---

[2] Íd., págs. 99-104.
[3] Íd., págs. 105-121.
[4] Íd., págs. 126-128.
[5] Íd., págs. 130-141.

El 15 de diciembre de 2023, se celebró una *Vista de Seguimiento* en la cual se discutieron asuntos relacionados al descubrimiento de prueba. Además, y en lo pertinente, la representación legal de la parte recurrida informó que se les había solicitado a los peticionarios a que realizaran gestiones para localizar el vehículo objeto de la controversia para poder examinarlo a la luz de las nuevas alegaciones incluidas en la Demanda Enmendada, pero que no le habían respondido. Al final de la vista, el TPI les concedió un término a las partes para expresarse en cuanto a lo antes expuesto.

En cumplimiento con lo antes mencionado, el 18 de enero de 2024, los peticionarios presentaron una *Moción en Cumplimiento de Orden* [...].[6] En síntesis, argumentaron que la inspección del vehículo no era necesaria ya que la mejor pieza evidenciaria para pasar juicio sobre las nuevas alegaciones formuladas era el manual del conductor. Además, puntualizaron que, si se requiriese información adicional, se podía obtener a través del testimonio de la vendedora del vehículo, la Sra. Frances Rodríguez, que, según ellos, era la que debió de haber sabido las instrucciones y/o advertencias relacionadas a los "airbags" y los cinturones de seguridad. Sin embargo, señalaron que, en la alternativa de necesitar una unidad, se podía producir cualquiera de igual modelo toda vez que las advertencias eran estandarizadas en la producción de los vehículos.

En respuesta, el 31 de enero de 2024, Autogermana presentó una *Oposición a Moción en Cumplimiento de Orden*.[7] En esencia, indicó que el vehículo presuntamente defectuoso con todos sus componentes relevantes era la pieza de evidencia más importante en un caso de "products liability" como en el del presente caso por lo que su relevancia era incuestionable. Sostuvo que únicamente

---

[6] Íd., págs. 145-152.
[7] Íd., págs. 158-162.

mediante la inspección de este en la misma condición en la que se encontraba inmediatamente luego del accidente en cuestión era que la parte peticionaria podía probar y por su parte la recurrida refutar las nuevas alegaciones contenidas en la *Demanda Enmendada.* Específicamente, puntualizó que era a través de la inspección del vehículo que se podría evaluar si el posicionamiento del asiento del conductor era inseguro conforme al diseño del sistema de bolsas de aire y que si el vehículo no contenía todas las advertencias requeridas por la ley federal.

Tomando en consideración los argumentos de ambas partes en cuanto a la inspección del vehículo, el 31 de enero de 2024, el TPI emitió una *Orden* en la cual resolvió lo siguiente: "Evaluados los escritos de las partes, el Tribunal concluye que la parte demandada tiene derecho a una nueva inspección de la unidad. De no poder producirse el vehículo, la Demanda Enmendada no procede".[8] Inconforme con este dictamen, el 15 de febrero de 2024, los peticionarios presentaron una solicitud de reconsideración.[9] En síntesis, argumentaron que la parte recurrida ya había tenido la oportunidad de evaluar el posicionamiento del asiento del conductor en la primera inspección que realizó el 8 de septiembre de 2021 mediante la data que se recopiló del "Crash Data Retrieval". Asimismo, razonaron que, de los testimonios de los peritos contratados por ambas partes, se podría suplir cualquier vacío ante el requerimiento estandarizado de las advertencias consagradas federalmente y en el manual estandarizado del conductor que fue producido por Autogermana. Por último, puntualizaron que no tenían el control físico del vehículo ya que la Cooperativa de Seguros Múltiples advino titular de este. El 16 de febrero de 2024, el TPI dictó

---

[8] Íd., pág. 163.
[9] Íd., págs. 164-171.

una *Orden* que se notificó el 20 de febrero de 2024 mediante la cual declaró No Ha Lugar la solicitud de reconsideración.

Aún en desacuerdo, el 21 de marzo de 2024, los peticionarios presentaron el recurso de epígrafe y formularon los siguientes señalamientos de error:

> **Erró el Honorable Tribunal de Primera Instancia al determinar que el demandado tiene derecho a una tercera inspección de la unidad para que prospere la causa de acción sobre falta de advertencias y/o instrucciones adecuadas.**

> **Erró el Honorable Tribunal de Primera Instancia al determinar que, de no poder producirse la unidad, la demanda enmendada no procede.**

Atendido el recurso, emitimos una *Resolución* concediéndole a la parte recurrida hasta el 5 de abril de 2024 para presentar su postura en cuanto al recurso. Oportunamente, Autogermana presentó una *Solicitud de Desestimación de Certiorari por Incumplimiento con la Regla 52.1 de Proc. Civil y por ser Prematura.* En primer lugar, indicó que procedía la desestimación del recurso ya que mediante este no se solicitó revisión por ninguna de las instancias que dispone la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V., R. 52.1. Específicamente señaló que la parte se limitó a expresar que este Tribunal tenía jurisdicción para atender el presente recurso al amparo de la Regla 52.1 de Procedimiento Civil, *supra,* ya que se recurría de una determinación relacionada a un "privilegio evidenciario, a saber, el privilegio de secretos de negocio". En cuanto a esto añadieron que dicha expresión fue una inadvertencia y que no fue objeto de discusión alguna en el recurso.

De igual forma, a tenor con la antes expuesto expresaron que la parte peticionaria recurrió de un dictamen interlocutorio y no final ya que la Demanda Enmendada no se desestimó. Además, resaltó que no se había establecido que el vehículo no estaba disponible para ser inspeccionado por lo que la *Petición de Certiorari* era

prematura. Con el beneficio de la comparecencia de ambas partes procedemos a resolver el asunto ante nos. *Veamos.*

## II.

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, *supra,* establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra

situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En otros términos, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, establece lo siguiente:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró*, supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).

III.

Conforme el derecho que antecede, nuestro ámbito jurisdiccional respecto a la revisión de asuntos interlocutorios en

casos civiles está delimitada, en primera instancia, por lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*. Así pues, luego de examinar la naturaleza de la *Orden* interlocutoria recurrida, concluimos que esta no se ajusta a los criterios de la Regla 52.1 de Procedimiento Civil, *supra*.

Es decir, es evidente que la *Orden* recurrida no es al amparo de las Reglas 56 o 57 de Procedimiento Civil, 32 LPRA Ap. V, R. 56; 57, ni versa sobre la denegatoria de alguna moción de carácter dispositivo. Tampoco se recurre de alguna decisión sobre la admisibilidad de testigos de hechos o peritos esenciales, o asuntos relativos a privilegios evidenciarios, sobre anotaciones de rebeldía, ni tampoco se trata de un caso de relaciones de familia. Finalmente, el peticionario tampoco demostró en su recurso que la orden recurrida reviste alto interés público o que versa sobre alguna situación en la cual esperar a la apelación constituya un fracaso irremediable de la justicia.

De igual forma, luego de examinar el expediente a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este Foro deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan.

IV.

Por los fundamentos antes expuestos, ***denegamos*** el recurso de epígrafe.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones